UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80996-CIV-COHN/SELTZER

ELENA BLACK,

       Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.
_____/

## ORDER DENYING MOTION FOR REMAND

**THIS CAUSE** is before the Court on Plaintiff Elena Black's Motion for Remand and Memorandum of Law [DE 9] ("Motion for Remand"). The Court has carefully considered Plaintiff's Motion for Remand, Defendant State Farm Mutual Automobile Insurance Company's Response to Plaintiff's Motion for Remand and Memorandum in Support of Response [DE 10] ("Response"), the record in this case, and is otherwise advised in the premises.[1]

### I. BACKGROUND

On July 21, 2010, Plaintiff filed her Complaint [DE 1-2] in the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida. Plaintiff alleges that Defendant breached an insurance contract and is liable for Plaintiff's injuries sustained as a result of a car accident caused by tortfeasor Dennis Curtis. Defendant filed its Answer, Affirmative Defenses, and Demand for Jury Trial in state court on August 23, 2010 [DE

---

[1] Plaintiff has not filed a Reply, and the time for doing so has passed.

1-2]. Thereafter, on August 25, 2010, Defendant removed the case to this Court based on diversity jurisdiction.[2]  DE 1.

Plaintiff filed the instant Motion for Remand on September 24, 2010, arguing that "Defendant has not shown by a preponderance of the evidence the amount in controversy is in excess of $75,000.00, the minimum jurisdictional amount of this court." DE 9 ¶ 10. Defendant opposes the Motion for Remand.

## II. DISCUSSION

### A. Limited Jurisdiction

Federal courts are courts of limited jurisdiction. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Federal jurisdiction exists only when a controversy involves a question of federal law or diversity of citizenship between the parties. See 28 U.S.C. §§ 1331-1332. The instant case does not involve a question of federal law. Accordingly, the Court may hear the case only if diversity jurisdiction exists.

Diversity jurisdiction exists when the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; see also Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994)

---

[2] Defendant filed its Notice of Removal within 30 days of service. Thus, removal was timely based on the first paragraph of 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id.

("Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."); Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993) ("[O]ne means by which Congress has sought to limit access to federal courts in diversity cases is the amount-in-controversy requirement."). There is no dispute that complete diversity exists in this case, as Plaintiff is a citizen of Florida, while Defendant is a citizen of Illinois. The only dispute is whether the amount in controversy exceeds $75,000.

## B. Burden of Proof

The party seeking to litigate in federal court bears the burden of establishing jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). A defendant may allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010). District courts must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden, Pretka, 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Further, a district court may employ its own judicial experience or common sense to discern

3

whether a complaint establishes the jurisdictional amount in controversy required for removal. See Roe, 613 F.3d at 1063.

### C. Plaintiff's Motion for Remand

Though the face of the Complaint does not meet Defendant's jurisdictional burden here, as the Complaint merely seeks damages over $15,000, the Court finds that Defendant has met its burden through the presentation of other evidence. Specifically, Defendant has based its removal on evidence from Plaintiff's pre-suit Demand Letter [DE 1-7] and Civil Remedy Notice [DE 1-6], documents that are permissible to consider because they existed at the time of removal. See Pretka, 608 F.3d at 755; Sierminski, 216 F.3d at 949. In those documents, Plaintiff estimated her damages to exceed $100,000, an amount over the $75,000 jurisdictional requirement. Specifically, the Demand Letter alleged that as of February 26, 2009, Plaintiff's prior medical expenses totaled $14,300, her past wages totaled $6,625, and her future lost wages totaled $1,611.43. She estimated that her combined damages, not including future lost wages, would be $235,264. The Motion for Remand argues first, that Defendant has not met its burden of proving the jurisdictional amount in controversy, and second, that regardless, Defendant is entitled to a set-off that would bring the amount below $75,000.

First, Plaintiff claims that Defendant has failed to meet its burden to prove the requisite amount in controversy, noting that Defendant initially offered $18,000 to settle the claim, and then offered $20,000, both amounts that fall below the $75,000 threshold. However, the Court gives preference to Plaintiff's own assessment of the value of her case. See Burns, 31 F.3d at 1094; see also Smith v. State Farm Mut. Auto. Ins. Co., No. 10-80783-CIV, at DE 7 (S.D. Fla. filed May 27, 2010) (removed from

state court on July 5, 2010) (denying motion for remand when complaint sought amount "in excess of $15,000" and civil remedy notice and demand letter indicated damages exceeded $100,000). Plaintiff did not allege that the pre-suit demand package was inflated as part of a strategy to induce settlement, despite the opportunity to make such an argument, nor did she present any other reason for the Court to second-guess her own estimates of the value of her case. See Katz v. J.C. Penny Corp. 2009 WL 1532129, **6-7, (S.D. Fla. June 1, 2009) (finding pre-suit demand package honest when based on incurred medical costs and an estimate of future medical costs); see also AAA Abachman Enters. v. Stanley Steemer Int'l, Inc., 268 Fed. App'x 864 (11th Cir. 2008). Her pre-suit demand package estimates were made in good faith, and were not based on mere speculation, but rather on medical professionals' advice. Therefore, based on Plaintiff's Civil Remedy Notice and Demand Letter, Defendant has met its jurisdictional burden of establishing the amount in controversy.

Second, Plaintiff contends that Defendant cannot meet the amount-in-controversy requirement because its "underinsured policy limits are $100,000, but [Defendant] is entitled to a set-off of $34,000 for payments previously made to Plaintiff," DE 9 at 6, which places the amount in controversy below the jurisdictional threshold. Plaintiff then cites Martins v. Empire Indemnity Insurance Co., 2008 WL 783762, *2 (S.D. Fla. March 21, 2008), for the proposition that "it is the value of the claim, not the value of the underlying policy, that determines amount in controversy," id.; DE 9 at 6. The Martins defendant, however, only failed to establish amount in controversy because he based removal on the sole fact that the policy limit exceeded $75,000, 2008 WL 78762, at *2, whereas Defendant here presented not only the policy limit, but also the Demand Letter and Civil Remedy Notice. Regardless, any set-off to which

Defendant may be entitled is irrelevant at the jurisdictional stage, as the Court must look at the amount in controversy at the time of removal. Stramiello v. Petsmart, Inc., No. 10-cv-569-T-33TGW, 2010 WL 2136550, *4 (M.D. Fla. May 26, 2010) (finding set-off for insurance reimbursement of medical expenses did not defeat amount in controversy); accord Lara v. Trimac Transp. Servs. (W.) Inc., No. 10-4280-GHK (Jcx), 2010 WL 3119366 (C.D. Cal. Aug. 6, 2010) (holding that set-offs are irrelevant under majority rule for ascertaining amount in controversy). As such, neither the amount of the underinsured policy limit nor the amount of any set-off is dispositive.

### III. CONCLUSION

The Court concludes that Defendant has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 and that complete diversity exists. Therefore, the Court has diversity jurisdiction over this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand [DE 9] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of October, 2010.

/s/ James I. Cohn
JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record

6